**STONE v. MICHALSKI et al.**

No. 10816.

United States Court of Appeals
Sixth Circuit.

Oct. 13, 1949.

———◆———

Harry J. Lippman, Detroit, Mich., for appellant.

Joseph W. Louisell, Detroit, Mich., for appellees.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

This action was instituted by the trustee in bankruptcy, seeking among other things to set aside a sale of the bankrupt's property consummated prior to the filing of the petition in bankruptcy. The bill of complaint alleged that the sale in question was in pursuance of a fraudulent and wrongful conspiracy entered into by the defendants. The District Court found that no fraud or collusion of any kind existed in the sale, and that no conspiracy existed between the appellees and the bankrupt, and gave judgment against the trustee.

On May 3, 1945, Frances Kolon filed a voluntary petition in bankruptcy under which she was adjudicated bankrupt on May 4, 1945. The schedules in bankruptcy showed the principal creditor to be one Catherine Wieczorek, guardian of John Wieczorek, who had theretofore procured a judgment for personal injuries against the bankrupt in the state court in the amount of $5,320.

In April, 1945, a writ of execution was secured by the judgment creditor, under which the sheriff of Wayne County, Michigan, seized certain furniture and fixtures belonging to the bankrupt and used in the operation of a beauty parlor in the city of Detroit, Michigan. On April 9, 1945, the sheriff sold these fixtures and furniture at public sale to Mary Plotkowski, mother of the bankrupt, who purchased them as the highest bidder. The bankrupt was absent from the sale, and knew nothing of the purchase. The purchase price of $1,150 paid by Mary Plotkowski was remitted by the sheriff to the judgment creditor in partial satisfaction of the judgment.

It is uncontradicted on this record that the funds used by Mary Plotkowski in purchasing the assets of the bankrupt were her own funds. The record shows by clear and satisfactory evidence, Cf. Eberline v. Prager, 209 Mich. 322, 176 N.W. 428, that the funds in question were derived from Mary Plotkowski's savings from a grocery and meat business formerly carried on by her and her husband, and from the sale in 1941 of certain real property belonging to Mary Plotkowski. While the fixtures and furniture were restored to the beauty parlor and the bankrupt operated it on a salary basis until about September 1, 1946, the assets in question at no time subsequent to April 9, 1945, were or became the property of the bankrupt.

The findings of fact made by the District Court are amply sustained by the evidence, and its conclusions of law are correct.

The judgment of the District Court is affirmed.